UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

CASIMIR GRIFFIN,

Defendant.

No. 11-cr-936 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of the parties' submissions regarding the violation of supervised release ("VOSR") hearing to be held on July 28, 2021. On July 21, 2021, the government submitted its witness and exhibit lists along with its 3500 material for the hearing; the government also submitted a letter requesting that the Court permit a civilian witness – Ms. Cheyenne Cohen – to testify remotely. *See* Doc. No. 148. Specifically, the government has proposed that Ms. Cohen testify via a two-way videoconference on Zoom. *See* Doc. No. 150 at 10–11. Yesterday, on July 26, Griffin's counsel submitted a letter objecting to the admission of the government's noted exhibits "without testimony at the hearing from the appropriate witnesses," and to the government's request that Ms. Cohen be permitted to testify remotely. Doc. No. 149. Later that same day, the government submitted a reply to Griffin's objections. *See* Doc. No. 150. This evening, Supervisee filed a response to the government's reply. *See* Doc. No. 151.

"Although the Confrontation Clause of the Sixth Amendment does not apply to supervised-release revocation hearings," *United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006), the Second Circuit has recognized that even "[i]n a VOSR hearing, a defendant has 'the [due process] right to confront and cross-examine adverse witnesses,'" *United States v. Carthen*, 681 F.3d 94, 99–100

(2d Cir. 2012) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). But this right is not absolute, and may be relaxed where a court "specifically finds good cause for not allowing confrontation." *Id.* (quoting *Morrissey*, 408 U.S. at 489); *see also* Fed. R. Crim. P. 32.1(b)(2)(C) (stating that a defendant must have the opportunity to question adverse witnesses at his revocation hearing "unless the court determines that the interest of justice does not require the witness to appear"). Even in the context of a trial, the Second Circuit has held that, "[u]pon a finding of exceptional circumstances, . . . a trial court may allow a witness to testify via two-way closed-circuit television when this furthers the interest of justice." *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999) (explaining that testimony conducted through two-way video "afford[s] greater protection of [the defendant's] confrontation rights than would have been provided by" a transcript of witness testimony permissible under Rule 15 of the Federal Rules of Criminal Procedure).

Courts now apply the standard used for Rule 15 depositions when determining whether to permit two-way video testimony at trial, and "will allow such testimony only when (1) the witness's testimony is material; (2) the [movant] has made good-faith and reasonable efforts to obtain the witness's presence and is unable to do so (that is, that the witness is unavailable within the meaning of the case law); and (3) allowing testimony by such means furthers the interests of justice." *See United States v. Buck*, 271 F. Supp. 3d 619, 622–23 (S.D.N.Y. 2017) (internal quotation marks omitted).[1] Although the standard is less stringent for a VOSR proceeding, *see Carthen*, 681 F.3d at 99–100 ("Revocation proceedings are not deemed part of a criminal prosecution, and, therefore, defendants in such proceedings are not entitled to 'the full panoply of

---

[1] A movant may establish that a witness is unavailable only if the movant has "made a good-faith effort to produce the person to testify at trial" and offers "specific reasons for [the] witness's unavailability." *Id.* at 623 (internal quotation marks omitted).

2

rights' that criminal defendants generally enjoy."), the Court finds the Rule 15 considerations generally instructive in its analysis.

Even if the Court were to apply this heightened trial standard here, there is no question that Ms. Cohen's testimony is material – her personal observation of Supervisee's firing of several shots at her house on April 12, 2019 is highly relevant to a central issue in the VOSR proceeding before this Court.  And while the government has made good faith efforts to obtain Ms. Cohen's presence in court, she is unable to testify in person because her doctor has advised her not to travel in light of the fact that she gave birth approximately two weeks ago and is currently not vaccinated against COVID-19.  Doc. No. 150 at 10–12.  Based on this record, the Court determines that the risk to Ms. Cohen's health constitutes "exceptional circumstances" supporting the government's request to allow her remote testimony.  *See United States v. Akhavan*, No. 20-cr-188 (JSR), 2021 WL 797806, at *8–9 (S.D.N.Y. Mar. 1, 2021) (permitting remote witness testimony where a witness of advanced age and serious comorbidities could not be present in court without subjecting himself and his family to a substantial risk of COVID-19); *United States v. Donziger*, No. 11-cv-691 (LAK), 2020 WL 5152162, at *2–3 (S.D.N.Y. Aug. 31, 2020), *reconsideration denied*, No. 11-cv-691 (LAK), 2020 WL 8465435 (S.D.N.Y. Oct. 23, 2020) (allowing remote witness testimony and observing that "there is no question that limiting the spread of COVID-19 and protecting at-risk individuals from exposure to the virus are critically important public policies"). Finally, the interests of justice also weigh in favor of allowing Ms. Cohen to testify remotely, since Griffin's counsel will not be denied the opportunity to question Ms. Cohen or to challenge her testimony in real time.  Accordingly, the Court grants the government's motion to permit Ms. Cohen to testify remotely.

The government also argues that the Court should admit certain exhibits ("Government Exhibits 2, 3, 4, and 5") under the business records exception to the hearsay rule, and requests that the Court "allow[] the Probation Office to introduce Government Exhibit 5 under the adoptive business record doctrine."  Doc. No. 150 at 14; *see id.* at 13–14 (citing Fed. R. Evid. 803(6)).  Finding this doctrine inapplicable, the Court denies the government's request with respect to Government Exhibit 5.[2]  All other evidentiary issues will be resolved on the record prior to tomorrow's hearing.

SO ORDERED.

Dated:    July 27, 2021
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE
Sitting by Designation

---

[2] Alternatively, the government has indicated that it will establish the admissibility of Government Exhibit 5 based on witness testimony from Paula Viatkevicius, the Deputy Director of the Odyssey House.  Doc. No. 150 at 14.  The government shall be prepared to call Ms. Viatkevicius as a witness in the hearing tomorrow.