

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 6, 2021

**BY CM/ECF**

The Honorable Richard J. Sullivan
United States Circuit Judge[1]
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

      Re:   *United States v. Casimir Griffin*,
             11 Cr. 936 (RJS)

Dear Judge Sullivan:

      Pursuant to the Court's direction, the parties respectfully write to update the Court regarding next steps for the pending violation of supervised release proceedings in this matter. The parties have agreed to a testimonial stipulation for the rest of the Government's case-in-chief. Also, the parties would request additional time to determine next steps as so to permit defense counsel to investigate certain matters raised to him by the defendant, Casimir Griffin, and the parties will update the Court on August 13 whether an additional day for an evidentiary hearing for the defense's case is necessary.

## I. Background

### A. The Violation Reports

      On February 7, 2019, the Probation Office issued a violation report alleging four specifications of violations of the terms of Griffin's supervised release:

      (1)    On or about January 7, 2019, Griffin used amphetamines (Grade C Violation);

---

[1] Sitting by designation as a United States District Judge for the Southern District of New York

(2) On or before January 7, 2019, Griffin used methamphetamines (Grade C Violation);

(3) On or before January 7, 2019, Griffin used cocaine (Grade C Violation); and

(4) On or about January 31, 2019, Griffin failed to participate in substance abuse treatment when he left Odyssey House against clinical advice (Grade C Violation).

On May 9, 2019, the Probation Office issued an amended violation report, adding three new specifications of violations of the terms of Griffin's supervised release, which tracked crimes—all arising from the same incident—with which Griffin had been charged by New York State:

(5) On or about April 12, 2019, Griffin committed the state crime of criminal possession of a weapon in the second degree, in violation of N.Y. PENAL LAW § 265.03(3), when he possessed a loaded firearm (Grade B Violation);

(6) On or about April 12, 2019, Griffin committed the state crime of criminal use of a firearm in the second degree, in violation of N.Y. PENAL LAW § 265.08(1), when he fired shots into someone's home (Grade B Violation); and

(7) On or about April 12, 2019, Griffin committed the state crime of reckless endangerment in the first degree, in violation of N.Y. PENAL LAW § 120.25, when he fired shots into someone's home (Grade B Violation).

On July 28, 2021, the Probation Office issued an amended violation report, adding a new specification of violations of the terms of Griffin's supervised release, arising from the same incident relating to Specifications 5-7.

(8) On or about April 12, 2019, Griffin committed a federal crime, felon in possession of ammunition, in violation of 18 U.S.C. 922(g)(1) and 924(a)(2), in that he fired rounds from a handgun (Grade B Violation).

### B. The July 28 Evidentiary Hearing

On July 28, 2021, the Court held a hearing on the specifications of violations of Griffin's supervised release. The Government concluded its case-in-chief on Specifications 4, 5, 6, 7. The outstanding issues were whether the Government would call additional witnesses to support its case-in-chief for Specifications 1-3 and 8 and

Hon. Richard J. Sullivan
May 24, 2021
Page 3 of 3

whether the defense would put forth any case or rely on written submissions or oral argument.

## II. Status Update

The parties have agreed to a testimonial stipulation, where, if called, a representative from law enforcement would testify that the spent shell casings admitted into evidence as Government Exhibit 201 were manufactured out of New York State in connection with Specification 8 and a representative from Alere would testify that Government Exhibits 3 and 4, drug reports, are business records kept in the ordinary course of regularly conducted activity for Alere and to the content of those reports in connection with Specifications 1-3. The testimonial stipulation would conclude the Government's case-in-chief. The agreement to a testimonial stipulation, however, does not prejudice the defendant's right to contest the addition of Specification 8 as improper.

In addition, counsel for the defendant, John Kaley, Esq., would like to update the Court on August 13 on whether an additional hearing day is necessary to permit the defense to present its case. The reason for that is Mr. Kaley would like additional time to investigate certain matters that were raised by the defendant, Casimir Griffin, which may lead to the defense calling witnesses for the hearing. Accordingly, the parties respectfully request permission to provide a further status update to the Court on August 13. In that status update, the parties will also address whether the defense wishes to make a written submission regarding the evidentiary hearing or whether to set a date for oral argument, sentencing, or both.

Please feel free to contact me with any questions or issues.

```
IT IS HEREBY ORDERED THAT the parties
shall submit a joint letter to the Court
no later than August 13, 2021, informing
the Court as to (1) whether the parties
request an additional day for an
evidentiary hearing, (2) whether defense
counsel would like to make a written
submission regarding the July 28
hearing, and (3) whether the parties
request oral argument.

SO ORDERED: _____
Dated: 08/06/21    RICHARD J. SULLIVAN
                   U.S.C.J., Sitting by Designation
```

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: _____
Edward C. Robinson Jr.
Michael Maimin
Assistant United States Attorney
212-637-2273

cc: John Kaley, Esq. (by electronic mail and CM/ECF)
United States Probation Officer Erica Cudina (by electronic mail)